**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

APR 0 8 2011

J. T. NOBLIN, CLERK
BY_____DEPUTY

**LEILA HEWITT, INDIVIDUALLY,
AND ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF CHARLES HEWITT,
DECEASED**

**PLAINTIFFS**

**VS.**                                    CAUSE NO.: 5:11CV54 DCB-RHW

**FRANKLIN COUNTY MEMORIAL HOSPITAL,
BENJAMIN YARBROUGH, MD,
AMERICAN MEDICAL RESPONSE, INC.,
JOHN DOES 1-5 and XYZ CORPORATIONS 1-5**          **DEFENDANTS**

**DEMAND TRIAL BY JURY**

## COMPLAINT

NOW INTO COURT, comes Plaintiff Leila Hewitt, Individually, and on Behalf of all

wrongful death beneficiaries of Charles Hewitt, deceased, and files this Complaint against the

Defendants, Franklin County Memorial Hospital, Benjamin Yarbrough, MD, American Medical

Response, Inc., and John Does 1-5, XYZ Corporations 1-5 and states as follows, to-wit::

### A. Parties

1.      Plaintiff, Leila Hewitt, was at all times herein complained of an adult resident

citizen of the state of Florida.  Leila Hewitt, is the widow of and thus is a wrongful death

beneficiary of Charles Hewitt, Deceased, at the time of his death.

2.      Defendant, Franklin County Memorial Hospital ("FCMH") is a political

subdivision of the State of Mississippi located in Franklin County, Mississippi, and is liable to

1

Plaintiff under Miss. Code Ann. §11-46-1, et seq., known as the Mississippi Tort Claims Act. FCMH can be served with process by personal service upon Sonny Dickey, Administrator and Chief Executive Officer of FCMH at 40 Union Church Road, Meadville, Mississippi, 39653.

3.      Defendant Benjamin Yarbrough, MD ("Dr. Yarbrough") was at all times complained of herein an adult resident of the State of Mississippi.  Dr. Yarbrough may be served with process in person at 595 Main Street East, Meadville, Mississippi.

4.      Defendant American Medical Response, Inc. ("AMR") is a foreign corporation organized under the laws of the State of Delaware and with its principal place of business at 6200 South Syracuse Way, Suite 200, Greenwood Village, Colorado.  AMR is licensed to do business in the State of Mississippi and may be served with process by personal service upon Corporation Service Company at 506 South President Street, Jackson, Mississippi, 39201.

5.      Defendants John Does 1-5 are individuals or entities as yet unknown and unidentified to Plaintiff, including, but not limited to, emergency dispatchers, emergency medical technicians, other healthcare providers or practice groups of which such other healthcare providers were members, who, at material times, provided medical care and/or treatment and/or transport services to Charles Hewitt; and/or other individuals or entities who were in association with, in business with, partners of, or members of, the defendants named herein or other John Doe defendants who, at material times, supervised, controlled, or directed the work of any emergency dispatcher, emergency medical technician, healthcare provider who provided medical care or treatment to Charles Hewitt, so as to incur individual liability. Such defendants will be identified and named when their identity becomes known to Plaintiff.

6.      Defendants XYZ Corporations 1-5 are companies or corporations doing business

2

in the state of Mississippi, the identities of which are not currently known to Plaintiff, who may

have or have had interests of ownership, control, management, and/or other interests, including

any affiliate, subsidiary or parent corporation of Franklin Memorial Hospital, Benjamin

Yarbrough, MD or American Medical Response, Inc., or may be the employer or principal of

Franklin Memorial Hospital, Benjamin Yarbrough, MD or American Medical Response, Inc., as

may be shown through discovery or at trial of this matter, and which, therefore, may be liable to

Plaintiff in the premises for the acts and omissions of negligence of Franklin Memorial Hospital,

Benjamin Yarbrough, MD or American Medical Response, Inc. as set forth herein.  Such

entities are or may be liable for independent negligence.  Said presently unknown Defendant(s)

will be identified when identifying information becomes known to Plaintiff.

### B. Jurisdiction and Venue

7.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332 because

complete diversity exists between the adverse parties.

8.      Venue is proper in this Court because the negligence of the Defendants, their

agent, employees, servants and physicians occurred in this district.

### C. Compliance with Statutes

9.      Proper written notice of intention to file this action has been provided to the

Defendants, and the Plaintiff has exhausted all of their administrative remedies as evidenced by

the notice of claim attached hereto as Exhibit "A".

10.      Attached to this Complaint as Exhibit "B" is the Certificate of Compliance and

Expert Consultation pursuant to the requirements of Mississippi Code Ann. §11-11-58(1)(a).

3

## D. Facts Which Give Rise to Cause of Action

11.     On December 30, 2009, at approximately 2:45 pm, Charles Hewitt was at his

family hunting camp in Franklin County, Mississippi when he began to experience chest pains.

Charles Hewitt arrived at FCMH at approximately 3:10 pm on that same day.  Charles Hewitt

entered the emergency room at FCMH where he was diagnosed with an acute inferior myocardial

infarction by Dr. Yarbrough.   Dr. Yarbrough rendered certain treatment to Charles Hewitt.

Because of the nature of Charles Hewitt's illness, Dr. Yarbrough also made arrangements to

transfer Charles Hewitt to St. Dominic's Hospital in Jackson, Mississippi for further treatment at

St. Dominic's cardiology unit at approximately 3:35 pm.  St. Dominic's accepted Charles

Hewitt's transfer at approximately 4:05 pm.

12.     At approximately 3:45 pm., on December 30, 2009, FCMH contacted AMR to

transfer Charles Hewitt to St. Dominic's and gave AMR notice of the nature of Charles Hewitt's

condition.  At 3:50 pm, AMR accepted the call, assured the provision of ready assistance to

Charles Hewitt and expressly undertook to render aid to Charles Hewitt.  However, AMR did not

arrive at FCMH to transfer Charles Hewitt until approximately 7:20 pm.  During this delay,

FCMH and Dr. Yarbrough failed to procure an ambulance for Charles Hewitt during this delay

and failed to provide Charles Hewitt with appropriate care and medication in a timely manner.

While en route to Jackson in the AMR ambulance, Charles Hewitt's condition deteriorated

further, and the ambulance was diverted to King's Daughters Medical Center in Brookhaven,

Mississippi, approximately 20 miles from FCMH.  At King's Daughters, Charles Hewitt was

unconscious and placed on a ventilator.   Charles Hewitt left King's Daughters via ambulance to

St. Dominic's at approximately 11:30 pm.

4

13.    At approximately 12:30 am on December 31, 2009, Charles Hewitt arrived at St. Dominic's where he was taken to the Intensive Care Unit where surgery was performed on Charles Hewitt. After this surgery on December 31, Charles Hewitt remained on a ventilator until January 11, 2010 when he died.

## E. <u>Cause of Action</u>

### <u>Negligence</u>

14.    The wrongful death of Charles Hewitt was caused by the negligence and medical negligence of one or more Defendants named herein, specifically, the healthcare providers rendering care, provision of transfer and transportation to Charles Hewitt including FCMH, Dr. Yarbrough and by AMR. Specifically, the continued deterioration of Charles Hewitt's condition and the death of Charles Hewitt were the result of substandard medical care, provision of transfer and transportation provided to Charles Hewitt by Defendants which failed to meet the applicable standard of care. Through intentional conduct or otherwise, AMR failed to meet the applicable standard of care by causing the delay of Charles Hewitt's transfer to St. Dominic's, despite their expressly assumed duty to provide care and treatment to Charles Hewitt, despite their assurances of ready assistance to Charles Hewitt and despite having expressly undertaken to transport Charles Hewitt to St. Dominic's in a timely manner. AMR also failed to provide minimally adequate care to Charles Hewitt while in transport. Additionally, the negligence and medical negligence of one or more Defendants herein that resulted in the death Charles Hewitt under the circumstances then and there existing may be established by application of the doctrine of *res ipsa loquitur.*

15.    At all times, Defendants owed to Charles Hewitt the duty to use reasonable care in their provision of care and treatment to Charles Hewitt. At all times relevant to this cause of

action, the Defendants, individually or through their agents, employees, servants and physicians, owed Charles Hewitt the duty to exercise that degree, skill and care as required by minimally competent, reasonably prudent physicians and healthcare providers practicing under like or similar circumstances. At all times, Defendants owed to Charles Hewitt a duty to undertake and perform prompt and continuous diagnostic procedures; a duty to provide skilled, competent, and properly trained physicians to render care and treatment to Charles Hewitt; a duty to properly and carefully perform any and all medical procedures undertaken; a duty to promptly perform necessary medical procedures and medications, and to promptly provide necessary medical supplies; a duty to act with reasonable care upon assuming the duty to provide medical treatment and transportation services to Charles Hewitt; a duty to promptly and timely order, facilitate and provide transfer of Charles Hewitt to an appropriate medical treatment facility; a duty to follow established laws, regulations and protocols; a duty to prevent harm to Charles Hewitt caused or occasioned by improperly staffed and/or improperly provisioned and equipped medical facilities, including, but not limited to, inadequately trained and/or unqualified emergency room physicians or emergency transportation services. Defendants failed to use reasonable care and breached the applicable standards of care in providing medical care, transport and treatment to Charles Hewitt by failing to fulfill, among others, the above and aforementioned duties of care, despite the special relationship existing between Defendants and Charles Hewitt. Such breaches and failures were negligent. The negligence of Defendants caused or contributed to the cause of Charles Hewitt's injuries and damages and deaths and Plaintiffs' resulting damages. The negligence, medical negligence, gross negligence, and/or reckless conduct of Defendants in failing to adhere to the minimum standards of care as set out above is the direct and proximate cause of the death of Charles Hewitt.

16.     At all times, employees, agents, and representatives of Defendants provided care and treatment to Charles Hewitt within the course and scope of their employment and agency with such entities with the actual and/or apparent authority to do so.  The acts, omissions, misfeasance, malfeasance, nonfeasance and negligence of such employees, agents and representatives are attributable to Defendants through principals of agency, master/servant liability, employer/employee liability, vicarious liability and *respondeat superior*.

17.     As a proximate result of the negligence of the Defendants, and their agents, employees, servants and/or representatives, Charles Hewitt sustained severe and permanent bodily injuries, mental and emotional distress, pain and suffering, medical expenses and lost wages, and death.  As a proximate result of the negligence of the Defendants, and their agents, employees, servants and/or representatives, Plaintiff sustained loss of society and services, and mental pain and suffering, the loss of society and companionship of the deceased, the loss of his services, and other such damages to be determined by the jury.

### Breach of Contract

18.     At the time that Charles Hewitt sought, and Defendants agreed to provide, medical care and transport for Plaintiff, an agreement was formed whereby Charles Hewitt and Defendants entered into a contractual relationship and/or whereby Charles Hewitt became the intended beneficiary of a contractual relationship between two or more Defendants directly and for the primary benefit of Charles Hewitt and his medical care and transport.  By entering into this contractual relationship, Defendants became imposed with a contractual duty to provide reasonable medical care and transport to Plaintiff.

19.     By and through Defendants' acts and omissions of negligence, and medical negligence as set forth herein, Defendants breached such contract.

7

20.   As a result of Defendants' breach of contract, Charles Hewitt suffered as set forth herein and eventually died as a proximate result of such breach.

## Vicarious Liability

21.   At all relevant times, Defendants' employees, agents, servants, partners, members and/or representatives were acting within the course and scope of their employment and/or agency with Defendants.  The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence and/or medical negligence of such employees, agents, and/or representatives are attributable to Defendants through vicarious liability and/or *respondeat superior*.

## F.  Damages

22.   As a proximate result of the negligence, medical negligence, gross negligence, and wrongful acts of Defendants as set forth herein, Plaintiffs are entitled to compensatory and punitive damages for the wrongful death of Charles Hewitt.  Such damages include, but are not limited to: all damages available pursuant to Mississippi's Wrongful Death Statute, Miss. Code Ann. §11-7-13, for the death of Charles Hewitt, including, but not limited to, damages for the physical and emotional pain and suffering experienced by Charles Hewitt, loss of future wages and income for the remainder of his life, loss of society and services, and damages for the mental pain and suffering of Plaintiff, the loss of society and companionship of the deceased, the loss of his services, and other such damages to be determined by the jury, in an amount to be determined by the fact-finder or jury in this action; in addition to damages including, but not limited to, attorneys' fees, pre-judgment interest on all such amounts, costs, and; extra-contractual and/or punitive damages against the Defendants, and/or their agents, servants, employees and representatives, in an amount calculated to punish and deter Defendants, and/or their agents, servants, employees and representatives and others similarly situated from similar or like conduct

8

in the future, and such other amounts as found due and owing by the jury and/or fact-finder at trial of this matter.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff Leila Hewitt, individually and on behalf of the other wrongful death beneficiaries of Charles Hewitt, deceased, hereby demand judgment against the Defendants, in an amount in excess of the jurisdictional minimum of this Court, in addition to all costs of this action, for other damages set forth herein as determined by the finder of fact, for pre-judgment interest on all such amounts, and for any other relief appropriate under the law.

This the _____ day of April, 2011.


LEILA HEWITT, PLAINTIFF


BY: _____
            One of their Attorneys


E. HYDE CARBY (MSB#102932)
PHILIP E. CARBY (MSB#5862)
CARBY & CARBY
Post Office Box 1047
513 State Street
Natchez, Mississippi 39121
Telephone: 601/445-5011
Facsimile: 601/445-5033

H. R. JENKINS (MSB#3070)
Attorney at Law
513 State Street
Natchez, MS  39120

JOHN CALVIN PATTERSON (MSB#103140)
Greer, Russell, Dent & Leathers
P. O. Box 907
Tupelo, MS 38802

9

## SERVICE INSTRUCTIONS

1.      Defendant, Franklin County Memorial Hospital can be served with process by personal service upon Sonny Dickey, Administrator and Chief Executive Officer of FCMH at 40 Union Church Road, Meadville, Mississippi, 39653.

2.      Defendant, Franklin County Memorial Hospital can be served with process by personal service upon Thomas Griffith, President of the Board of Trustees of FCMH at 2926 Highway 184E, Bude, Mississippi 39630.

3.      Defendant, Franklin County Memorial Hospital can be served with process by personal service upon George Collins, President of the Board of Supervisors, at 158 Goose Hollow Lane, Bude, Mississippi 39630.

4.      Defendant Benjamin Yarbrough, MD can be served with process by personal service at 595 Main Street East, Meadville, Mississippi.

5.      Defendant American Medical Response, Inc. can be served with process by personal service upon Corporation Service Company at 506 South President Street, Jackson, Mississippi, 39201.